UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOHN DISCOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-00655 |
| | ) |
| NICHOLAS DEML, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 23, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the dismissal of Plaintiff's claims: (1) under 42 U.S.C. § 1983 for money damages against all Defendants in their official capacities; (2) for money damages against Defendant Deml in his individual capacity; (3) for money damages under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq* ("RLUIPA") against all Defendants in their official and individual capacities; and (4) against Defendant Deml under RLUIPA. (Doc. 25.)  It further recommended that Plaintiff's action be allowed to proceed on his remaining First Amendment free exercise and RLUIPA claims against Defendants Walker, Rosa, Gerritt, Milestone, Baker, Johnson, Rembert, Lee, and Seals, and that Case No. 2:24-cv-00657 be remanded to Vermont Superior Court. *Id*.

The district judge adopted the R&R in full on June 30, 2025.  (Doc. 26.)  The same day, Plaintiff filed a motion for an extension of time to file objections to the R&R.  (Doc. 27.)  The district judge granted that motion, and allowed Plaintiff until August 7, 2025 to file objections.  (Doc. 28.)  Plaintiff did not file objections until September 9, 2025.  (Doc. 30.)  In his objections, Plaintiff states that he was in segregation when he received the extension and complains of difficulty accessing the law library and receiving legal photocopies.  (Doc. 30 at 1.)  In light of

these circumstances, as well as Plaintiff's *pro se* status, the court excuses the untimeliness of Plaintiff's objections.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

Construed liberally, Plaintiff challenges the recommended dismissal of Deml from the action for lack of personal involvement in the alleged infringement of rights when he asserts that the Vermont Department of Corrections Commissioner has a duty to do such things as maintain an institution with zero tolerance for hate and to ensure that reports are investigated properly. (Doc. 30 at 3-4.) As noted by the Magistrate Judge, personal involvement is a prerequisite to a defendant's liability under both § 1983 and RLUIPA. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted); *Curry v. Bradt*, 2016 WL 1258341, at *3 (W.D.N.Y. 2016) ("As a perquisite to relief under both § 1983 and the RLUIPA, a plaintiff must establish the personal involvement of defendants in the alleged deprivations"). Contentions concerning an official's supervisory responsibilities are inadequate to allege personal involvement.

Plaintiff also claims that the basis of his claims are "Professional and or Criminal Misconduct . . . not FREE EXERCISE alone!" (Doc. 30 at 13). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief[.]" Fed. R. Civ. Proc. 8(a)(2). Conclusory assertions of misconduct are insufficient to meet that standard.

After careful review of the file, the Magistrate Judge's R&R (Doc. 25), and Plaintiff's objections (Doc. 30), the Court ADOPTS the Magistrate Judge's recommendation in full for the reasons stated in the R&R.

## CONCLUSION

IT IS HEREBY ORDERED that:

Plaintiff's claims under § 1983 for money damages against all Defendants in their official capacities are DISMISSED. Plaintiff's claims for money damages against Defendant Deml in his individual capacity are DISMISSED. Plaintiff's claims for money damages under RLUIPA against all Defendants in their official and individual capacities are DISMISSED. Plaintiff's RLUIPA claims against Defendant Deml are DISMISSED.

Plaintiff's remaining First Amendment free exercise and RLUIPA claims against Defendants Walker, Rosa, Gerritt, Milestone, Baker, Johnson, Rembert, Lee, and Seals shall proceed to service. Service of process shall be undertaken pursuant to 28 U.S.C. § 1915(d). The Clerk's Office, in cooperation with the U.S. Marshals Service, will serve the operative complaints (Doc. 19 in 2:24-cv-00655 and Doc. 20 in 2:24-cv-00656) on Defendants Walker, Rosa, Gerritt, Milestone, Baker, Johnson, Rembert, Lee, and Seals. Plaintiff shall not be required to pay the fees for service of the operative complaints.

Case No. 2:24-cv-00657 (docketed in Vermont Superior Court as No. 24-CV-1247) is hereby REMANDED to Vermont Superior Court.

Plaintiff's request for a stay and for the assignment of an investigator (Doc. 25 at 17) are DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of February 2026.

             <u>/s/ William K. Sessions III</u>
             William K. Sessions
             District Court Judge